**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4548**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

XZERIA DAMONT JETER, a/k/a D,

        Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Spartanburg. Henry F. Floyd, District Judge. (7:07-cr-01467-HFF-25)

Submitted: December 17, 2009    Decided: December 28, 2009

Before WILKINSON, NIEMEYER, and AGEE, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Bruce A. Byrholdt, CHAPMAN, BYRHOLDT & YON, LLP, Anderson, South Carolina, for Appellant. W. Walter Wilkins, III, United States Attorney, William J. Watkins, Jr., Assistant United States Attorney, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Xzeria Damont Jeter of conspiracy to possess with intent to distribute and to distribute cocaine and cocaine base, in violation of 21 U.S.C. § 846 (2006). Based on the drug quantity found by the jury and an enhancement filed by the Government, Jeter faced a mandatory minimum sentence of 240 months' imprisonment. However, in exchange for Jeter's waiver of his appellate rights, the Government withdrew the enhancement and Jeter consequently received a significantly lower sentence of 121 months' imprisonment. Jeter now appeals, arguing that at trial the Government failed to disclose certain evidence, in violation of United States v. Brady, 373 U.S. 83 (1963). The Government responds that the appellate waiver should be enforced and this appeal dismissed. We agree.

A defendant may waive the right to appeal if that waiver is knowing and intelligent. United States v. Poindexter, 492 F.3d 263, 270 (4th Cir. 2007). Generally, if the district court fully questions a defendant regarding the waiver of his right to appeal, the waiver is both valid and enforceable. United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005); United States v. Wessells, 936 F.2d 165, 167-68 (4th Cir. 1991). The question of whether a defendant validly waived his right to

2

appeal is a question of law that we review de novo.  <u>United States v. Blick</u>, 408 F.3d 162, 168 (4th Cir. 2005).

Our review of the record leads us to conclude that Jeter knowingly and voluntarily waived his right to appeal. Because Jeter's valid and enforceable waiver of appellate rights precludes review of his conviction issue, we dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>DISMISSED</u>